## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIE WHITE,<br>　　Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-1583 |
| | : | |
| PRIME CARE CORP, *et al.*, | : | |
| 　　Defendants. | : | |

## MEMORANDUM

ROBRENO, J.                                                               JUNE 27, 2023

Plaintiff Willie White, an inmate at Lehigh County Prison ("LCP"), brings this *pro se* civil action pursuant to 42 U.S.C. § 1983 complaining about a reduction in his daily diabetic testing regime.  Before the Court is White's motion to proceed *in forma pauperis*.[1]  (ECF No. 4.)  Because White has obtained three prior "strikes" and because he has not shown an imminent danger of serious physical injury, pursuant to 28 U.S.C. § 1915(g) the Court will deny White leave to proceed *in forma pauperis* and require that he pay the full filing fee if he wishes to continue with his case.

## I.     FACTUAL ALLEGATIONS

White, who is African American and suffers from diabetes, asserts that on April 6, 2023 he was in line at the LCP Medical Department to get his afternoon "Accu-Check" blood sugar test.  (Compl. (ECF No. 1) at 1.)[2]  He was told that his testing regimen was being changed from

---

[1] In an Order filed on May 1, 2023 (ECF No. 3), White was directed to pay the filing fee for this case or submit an application to proceed *in forma pauperis* and a copy of his institutional account statement.  When he failed to comply with the Order, the Court dismissed this case without prejudice for failure to prosecute on June 14, 2023.  (ECF No. 4.)  White submitted his application, but not his account statement on June 22, 2023.  (ECF No. 5.)  The Court will reopen this case and consider his application.

[2] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

four times per day to two times per day, at 5:00 a.m. and 9:00 p.m., because his blood sugar numbers "have been excellent in the last month." (*Id*.)  White asserts this was not true and that his numbers "have been in the 200's + or very high hundreds." (*Id*.)  He also contends that his A1C number increased from 7.6 or 7.8 in February 2023 to 7.9 on April 14, 2023. (*Id*. at 2.)  He believes the change in testing was racially motivated because a non-African American inmate, with whom he was involved in an incident the day before, did not have his testing regimen changed. (*Id*. at 1.)  He asserts that he is being punished by having to wait sixteen hours between tests as an insulin-dependent diabetic. (*Id*.)  Apparently aware that he has already incurred three "strikes" under § 1915(g), White makes a specific contention that he is in imminent danger due to the reduced daily testing because it "puts me at a higher risk for another stroke, heart attack, diabetic coma, or even worse, yes death." (*Id*. at 2.)  He also contends that he had in the past "been refused insulin when my numbers have been well over 200." (*Id*.)  Finally, he contends that his "blood sugar began to spike" and he sustained "one of my diabetic fainting episode on April 12th." (*Id*. at 8.)

## II.     "THREE-STRIKE" ANALYSIS

The *in forma pauperis* statute, 28 U.S.C. § 1915, allows indigent litigants to bring an action in federal court without prepayment of filing fees, ensuring that such persons are not prevented "from pursuing meaningful litigation" because of their indigence. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*) (internal quotation marks omitted).  But, as Congress has recognized, people who obtain *in forma pauperis* status are "not subject to the same economic disincentives to filing meritless cases that face other civil litigants," and thus the provision is susceptible to abuse. *Id.* (citing 141 Cong. Rec. S7498-01, S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)).

"[I]n response to the tide of substantively meritless prisoner claims that have swamped the federal courts," Congress enacted the Prison Litigation Reform Act ("PLRA") in 1996. *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quoting *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000)) (internal quotation marks omitted), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). Among other things, the PLRA implemented the so-called "three strikes rule," which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). Put more simply, under the PLRA, a prisoner with three prior "strikes" can obtain *in forma pauperis* status only if he is in imminent danger of serious physical injury at the time he brings his case to court. Courts must consider a *pro se* prisoner's allegations of imminent danger "under our liberal pleading rules, construing all allegations in favor of the complainant." *Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir. 1998).

A strike under § 1915(g) "will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). "A strike-call under Section 1915(g) . . . hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724-25 (2020), *abrogating Millhouse v. Heath*, 866 F.3d 152, 161 (3d Cir. 2017).

3

### 1.      White has accumulated three strikes.

The Court concludes that White has accumulated three strikes for purposes of § 1915(g).

In *White v. L.C.J. / Inmate Accts.*, No. 22-1941, 2022 WL 1720077, at *2 (E.D. Pa. May 27,

2022), the Court dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) a complaint

filed by White alleging violations of the federal mail fraud statute, among other things.  This

dismissal constituted White's first "strike" for purposes of § 1915(g).  In *White v. Massini*, No.

22-1230, 2022 WL 1748531 (E.D. Pa. May 31, 2022), after permitting White an opportunity to

amend claims found initially to be deficient, the Court dismissed the case with prejudice

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), finding that his amended complaint failed to allege

plausible claims.  *Id.*, at *2-4.  This dismissal constituted White's second "strike" for purposes of

§ 1915(g).  In *White v. Gaglione*, No. 22-1974, 2022 WL 1774132 (E.D. Pa. June 1, 2022), the

Court dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) White's complaint

alleging an unreasonable search claim, property loss claim, Fourteenth Amendment due process

claims, and failure to supervise/train claims.  This dismissal constituted White's third "strike" for

purposes of § 1915(g).

### 2.      The Complaint does not allege imminent danger.

Because White has accumulated three strikes, he is "out" and can no longer proceed *in*

*forma pauperis* in federal court unless he can show that he is in imminent danger of serious

physical injury at the time he brought his Complaint.  The "imminent danger" exception to the

three-strikes rule serves as a "safety valve" to ensure that a prisoner is not subject to serious

injury due to his inability to pay a filing fee.  *Ball*, 726 F.3d at 467.  It "creates a narrow opening

for a particular type of claim; it does not give prisoners . . . a license to swamp the court with

claims whenever they successfully state a claim of imminent danger."  *Brown v. Lyons*, 977 F.

Supp. 2d 475, 481-82 (E.D. Pa. 2013) (citing *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009)).  "Imminent dangers are those dangers which are about to occur at any moment or are impending."  *Abdul-Akbar*, 239 F.3d at 315 (internal quotation marks omitted).  Past dangers are not imminent dangers.  *See Ball*, 726 F.3d at 467.  In *Ball*, the United States Court of Appeals for the Third Circuit has held that practices that "may prove detrimental . . . over time," such as poor care for chronic conditions, also "do not represent imminent dangers," as the harm is not "about to occur at any moment or are impending."  *Id.* at 468 (quoting *Abdul-Akbar*, 239 F.3d at 315) (internal quotation marks omitted).  Also, vague, general, or conclusory allegations are likewise insufficient to establish that a plaintiff is in imminent danger.  *Id.*  Finally, "there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint."  *Pettus*, 554 F.3d at 297; *see also Ball v. Hummel*, 577 F. App'x 96, 98 n.1 (3d Cir. 2014) (*per curiam*).  In other words, the claimed imminent danger must relate to the legal claims the prisoner pursues.  *Id.*; *see also Brown v. U.S. Dist. Ct., E. Dist.*, No. 13-7229, 2014 WL 1225878, at *1 (E.D. Pa. Mar. 25, 2014) ("In short, § 1915(g) requires two things:  the allegation of imminent danger and a claim for relief that if granted will preclude the danger from becoming a reality.").

The Court concludes that White's allegation that prison officials have reduced the number of daily blood glucose tests he receives from four to two fails to allege imminent danger of serious physical injury.  Beyond the holding in *Ball*, which rejected a claim that poor treatment for a specific prior eye injury could support the imminent danger exception due to future worsening of the prisoner's eyesight, there appears to be no published precedent from the Third Circuit discussing whether White's precise type of non-immediately life-threatening allegation of imminent danger caused by a chronic condition can satisfy the imminent danger

requirement.  *But see Brown v. Wolf*, 705 F. App'x 63, 65 (3d Cir. 2017) (*per curiam*) (holding that prisoner suffering from advancing prostate cancer sufficiently alleged the imminent danger requirement where he stated that the failure of officials to provide him with adequate information resulted in his inability to be treated or make an informed decision of whether to accept or reject the diagnostic/treatment offered, and that his condition was "worsening at a rapid pace," as shown by Prostate–Specific Antigen scores).  Other courts have not been consistent when confronted with whether allegations of a denial of treatment for a non-immediately life-threatening chronic disease, such as diabetes, satisfy the imminent danger exception.

Some courts have concluded that a failure to treat a chronic condition may satisfy the imminent danger exception.  *McFadden v. Noeth*, 827 F. App'x 20, 25 (2d Cir. 2020) (*per curiam*) ("McFadden plausibly alleged that he was in imminent danger, having received no treatment for his chronic condition [Hepatitis C] dating back to his diagnosis"); *Lynn v. Willnauer*, 823 F. App'x 642, 648 (10th Cir. 2020) (allegation that prisoner was denied pain and "keep-on-person" medication, despite "awfully painful heart spasms," and denied transportation to the hospital for treatment of an imminent heart attack or stroke when his troponin levels were elevated, was sufficient to allege imminent danger, noting that while prisoner's "disagreement with the adequacy of his treatment will be relevant to the merits of his claims, at this point, he has sufficiently alleged an imminent danger of serious physical injury"); *Boles v. Colorado Dep't of Corr.*, 794 F. App'x 767, 771 (10th Cir. 2019) (holding that specific allegations of prison officials refusing to treat a chronic condition, irritable bowel syndrome, that causes severe pain or aggravates debilitating symptoms are enough to facially satisfy the imminent-danger exception); *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 587 (6th Cir. 2013) (incremental harm resulting from failure to treat chronic conditions, diabetes and Hepatitis C,

may satisfy § 1915(g) standard); *Vandiver v. Vasbinder*, 416 F. App'x 560, 562-63 (6th Cir. 2011) (finding that the imminent danger exception was satisfied where the plaintiff suffered from diabetes and Hepatitis C and alleged that he was denied treatment); *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) (describing the failure to treat HIV and hepatitis as causing imminent danger of serious physical injury); *Ibrahim v. District of Columbia*, 463 F.3d 3, 6-7 (D.C. Cir. 2006) (holding that a serious disease, like Hepatitis C, that could result in serious harm or death, is a "serious physical injury").

Other courts considering chronic disease situations, including those specifically involving diabetes management, have held the opposite.  *See Tucker v. Corizon Corr. Health Care*, No. 18-1725, 2019 WL 2713289, at *2 (6th Cir. Apr. 22, 2019) (holding that the district court did not abuse its discretion by dismissing prisoner's complaint without prejudice under the "three strikes" provision where prisoner's imminent danger allegations were conclusory, unsupported, and contradicted by the exhibits attached to his complaint that showed he was "being treated for his diabetes and monitored for his hepatitis"); *Reberger v. Baker*, 657 F. App'x 681, 684 (9th Cir. 2016) (*per curiam*) (holding that suggestion in complaint that prisoner's administrative segregation may cause him to be denied a dose of an HIV medication "that could lead to medication[ ] resistance," was too vague and speculative to invoke the exception to the three-strikes rule where the prisoner did not explain how administrative segregation would impact his medication or doses); *Edmond v. Tex. Dept. Of Corr.*, Nos. 97-10819, 97-11170, 97-11202, 1998 WL 723877, at *3 (5th Cir. Oct. 7, 1998) (inmate's allegations that prison officials' refusal to provide adequate medical care had caused seizures and nervous attacks were "insufficient to meet the threshold requirement of imminent danger of physical injury"); *Harrison v. Arasor*, No. 11-712, 2011 WL 1831703, at *1-2 (N.D. Tex. Apr. 20, 2011) (allegations of insufficient

accommodations for management of inmate's diabetes did not show imminent danger of serious physical injury); *Williams v. Louisiana*, No. 07-0602, 2007 WL 1747010, at *2, *4 (E.D. La. May 7, 2007) (prisoner's claims that he "ha[d] not been furnished a specialized diet for his diabetes and hypertension" were insufficient to make the showing required by § 1915(g)); *Patterson v. Dretke*, No. 04-0132, 2004 WL 1205126, at *2 (N.D. Tex. June 2, 2004) (finding that plaintiff had not presented facts showing imminent danger of serious physical injury resulting from denial of treatment for his Hepatitis C); *Ford v. Foti*, No. 01-1970, 2001 WL 845461, at *2 (E.D. La. July 25, 2001) (inmate's allegations that prison doctors refused to administer proper treatments for Hepatitis C failed to allege physical danger sufficient to overcome the § 1915(g) bar); *see also Baughman v. Seale*, 761 F. App'x 371, 379-81 (5th Cir. 2019) (concluded that failing to provide glucose "fingerstick tests" prior to insulin injections does not, *per se*, amount to deliberate indifference to a serious medical need – the same type of underlying claim presented by White).

The Court concludes that White has not successfully alleged the imminent danger exception because he does not assert he was being threatened with the denial of treatment for his diabetes, creating a danger of a serious physical injury at the time he filed his case. He concedes that he receives insulin treatment.[3] He also concedes that his blood glucose is still being checked, just not as often each day as he believes adequate, because further checking was deemed unnecessary by medical personnel. More importantly, there is no assertion that White suffers from hypoglycemia as a result of being given less frequent tests nor that he receives an

---

[3] The allegation the White had "been refused insulin when my numbers have been well over 200" (Compl. at 2), fails to satisfy the imminent danger requirement because White refers to an isolated past incident, not a present danger of a serious physical injury at the time he filed his case.

improper insulin dose as a result of the reduced testing regimen.  Indeed, other than his isolated contention of a past incident where his "blood sugar began to spike" and that he sustained a diabetic fainting episode (Compl. at 8), White only asserts vaguely that he is at risk of future diabetic complications.  Because this type of future risk is not one "about to occur at any moment or [] impending," *Abdul-Akbar*, 239 F.3d at 315, the Court finds that the imminent danger exception does not apply.

## III.    CONCLUSION

Because White is a "three-striker" who is prohibited from proceeding *in forma pauperis* unless he is in imminent danger of serious physical injury at the time of filing, and since he was not in imminent danger when he submitted his Complaint, the Court will deny White's Motion to Proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g).  Should White desire to litigate his claims, he must pay the full filing fee in advance.  An appropriate Order follows, which gives White an opportunity to pay the fees to proceed if he seeks to do so.

**BY THE COURT:**

*Eduardo C. Robreno*

**EDUARDO C. ROBRENO, J.**